IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHERYL HURD, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TARRANT COUNTY HOSPITAL | § | Civil Action No. 4:22-cv-00388-O |
| DISTRICT, et al. | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' WITNESS LIST

Defendants Tarrant County Hospital District d/b/a JPS Health Network and John Peter Smith Hospital ("JPS") and Acclaim Physician Group ("Acclaim") (collectively, "Defendants") submit this witness list in accordance with the Court's Scheduling Order (ECF No. 24). The witnesses are listed in alphabetical order, by last name:

| 1. Dr. Bryan Becker | Sworn | Testified |
|---|---|---|
| c/o Jordan Parker or Derek Carson<br>CANTEY HANGER LLP<br>600 W. 6th Street, Suite 300<br>Fort Worth, Texas 76102<br><br>Brief Narrative Summary of Testimony:<br>Dr. Becker is the President of Acclaim, Plaintiff's employer. Dr. Becker is expected to testify regarding the circumstances surrounding Plaintiff's removal from the two departmental administrative positions from which she was removed. Dr. Becker will testify to the nature of Plaintiff's removal, including his view that the removal was not a demotion. He likewise will testify that her removal did not adversely impact her compensation and benefits and that any lack of due process afforded to her did not adversely impact her compensation and benefits or any future compensation and benefits.<br><br>Dr. Becker is expected to testify to Acclaim's practices regarding physician contracts and the allocation of physicians' Total FTE. In | | |

| | Sworn | Testified |
|---|---|---|
| particular, Dr. Becker will testify that Acclaim's practice is to retain discretion over physicians' Total FTE breakdown. Dr. Becker will testify to the reasons why Acclaim must retain discretion over physicians Total FTE. Dr. Becker will testify that, from Acclaim's perspective, Dr. Podawiltz had the discretion to remove Plaintiff from the administrative positions she previously held.<br><br>Dr. Becker was designated and disclosed as a non-retained expert witness as to Plaintiff's employability and claimed reputational injury and losses and related subjects.<br><br>Deposed? Yes.<br><br>Expected Duration of Direct Examination: 1 hour<br><br>**Witness Group(s):** Probable, Non-Retained Expert | | |

| **2. Dr. Dustin DeMoss** | Sworn | Testified |
|---|---|---|
| c/o Jordan Parker or Derek Carson<br>CANTEY HANGER LLP<br>600 W. 6th Street, Suite 300<br>Fort Worth, Texas 76102<br><br>Brief Narrative Summary of Testimony:<br>Dr. DeMoss is expected to testify regarding his appointment as Residency Program Director and Vice Chair of Education of the Department of Psychiatry and the circumstances surrounding his appointment. Dr. DeMoss may also testify to his experience working with Plaintiff while she held those two roles and his interactions with her during that time and his knowledge of negative remarks made by Plaintiff about other colleagues.<br><br>Deposed? Yes.<br><br>Expected Duration of Direct Examination: 1 hour<br><br>**Witness Group(s):** Probable, Non-Retained Expert | | |

| 3. Julie Durand | Sworn | Testified |
|---|---|---|
| c/o Jordan Parker or Derek Carson<br>CANTEY HANGER LLP<br>600 W. 6th Street, Suite 300<br>Fort Worth, Texas 76102<br><br>Brief Narrative Summary of Testimony:<br>Ms. Durand, a nurse practitioner, may testify, if the need arises, to the facts relating the complaint made against Plaintiff arising out of the December 8, 2021 Zoom call referenced in Plaintiff's Second Amended Complaint.  Ms. Durand may also testify to her interactions with Plaintiff while Plaintiff was Residency Program Director and Vice Chair of Education of the Department of Psychiatry and her knowledge of negative remarks made by Plaintiff about other colleagues.<br><br>Deposed?  No.<br><br>Expected Duration of Direct Examination:  30 minutes<br><br>**Witness Group(s):**  Possible | | |

| 4. Emily Elkins | Sworn | Testified |
|---|---|---|
| c/o Jordan Parker or Derek Carson<br>CANTEY HANGER LLP<br>600 W. 6th Street, Suite 300<br>Fort Worth, Texas 76102<br><br>Brief Narrative Summary of Testimony:<br>Ms. Elkins, a physician assistant, may testify to the facts relating the complaint made against Plaintiff arising out of the December 8, 2021 Zoom call referenced in Plaintiff's Second Amended Complaint.  Ms. Elkins may also testify to her interactions with Plaintiff while Plaintiff was Residency Program Director and Vice Chair of Education and her knowledge of negative remarks made by Plaintiff about other colleagues.<br><br>Deposed?  No.<br><br>Expected Duration of Direct Examination:  30 minutes<br><br>**Witness Group(s):**  Possible | | |

| 5. Dr. Tricia Elliott | Sworn | Testified |
|---|---|---|
| c/o Jordan Parker or Derek Carson<br>CANTEY HANGER LLP<br>600 W. 6th Street, Suite 300<br>Fort Worth, Texas 76102<br><br>Brief Narrative Summary of Testimony:<br>Dr. Elliott is Senior Vice President of Academic and Research Affairs and Chief Academic Officer at JPS. Dr. Elliott is expected to testify about the role of the requirements of the ACGME (Accreditation Council for Graduate Medical Education) on the appointment of residency program directors and to the circumstances surrounding the transition from Plaintiff to Dr. DeMoss. Dr. Elliott may also testify generally to the nature of the relationship between residents and their program directors.<br><br>In particular, Dr. Elliott is expected to testify that, upon learning from Dr. Podawiltz that the decision had been made to remove Plaintiff as residency program director, Dr. Elliott reminded or informed Dr. Podawiltz that "Match Day" was approaching and that this event should be considered in determining the timing of any removal of Plaintiff. Dr. Elliott is expected to testify that from an accreditation perspective it was important to have the program director who would be continuing through the program to be in place as of Match Day. Dr. Elliott may also testify, if the need arises, concerning Plaintiff's involvement on a subcommittee for diversity, equity, and inclusion.<br><br>Dr. Elliott was designated and disclosed as a non-retained expert witness as to Plaintiff's employability and claimed reputational injury and losses and related subjects.<br><br>Deposed? Yes.<br><br>Expected Duration of Direct Examination: 30 minutes<br><br>**Witness Group(s):** Probable, Non-Retained Expert | | |

| 6.  Dr. James Haliburton | Sworn | Testified |
|---|---|---|
| c/o Jordan Parker or Derek Carson<br>CANTEY HANGER LLP<br>600 W. 6th Street, Suite 300<br>Fort Worth, Texas 76102<br><br>Brief Narrative Summary of Testimony:<br>Dr. Haliburton is expected to testify concerning Plaintiff's allegations that he called her "a narcissist" in or about April 2022.  In particular, Dr. Haliburton will testify that he does not recall making such a statement and that, in any event, he would not have meant it or communicated it as a clinical or diagnostic assessment.  Dr. Haliburton will also testify to the non-public nature of the consult room where the remarks are alleged to have been made and to the fact that he would not have been speaking on behalf of Defendants or in any leadership capacity had he made the statement he is alleged to have made.  Dr. Haliburton may also testify to his interactions with Plaintiff while Plaintiff was Residency Program Director and Vice Chair of Education of the Department of Psychiatry and his knowledge of negative remarks made by Plaintiff about other colleagues.<br><br>Dr. Haliburton was designated and disclosed as a non-retained expert witness as to the term "narcissist."<br><br>Deposed?  Yes.<br><br>Expected Duration of Direct Examination:  45 minutes<br><br>**Witness Group(s):**  Probable, Non-Retained Expert | | |

| 7.  Dr. Cheryl Hurd | Sworn | Testified |
|---|---|---|
| c/o Chris Ayers<br>AYRES LAW OFFICE, P.C.<br>One Glen Lakes Tower<br>8140 Walnut Hill Lane, Suite 830<br>Dallas, Texas 75231<br><br>Brief Narrative Summary of Testimony:<br>Defendants will question Dr. Hurd, the plaintiff, regarding her allegations and positions taken in this lawsuit. | | |

| | | |
|---|---|---|
| Deposed?  Yes.<br><br>Expected Duration of Cross-Examination:  2 hours<br><br>**Witness Group(s):**  Probable | | |

| **8.  Dr. Nekesha Oliphant** | Sworn | Testified |
|---|---|---|
| c/o Jordan Parker or Derek Carson<br>CANTEY HANGER LLP<br>600 W. 6th Street, Suite 300<br>Fort Worth, Texas 76102<br><br>Brief Narrative Summary of Testimony:<br>Dr. Oliphant is a psychiatrist employed by Acclaim who serves as Vice Chair of Inpatient Psychiatry.  Dr. Oliphant may, if the need arises, testify regarding her interactions with Plaintiff while Plaintiff was Residency Program Director and Vice Chair of Education of the Department of Psychiatry and her knowledge of negative remarks made by Plaintiff about her to other colleagues.<br><br>Deposed?  No.<br><br>Expected Duration of Direct Examination:  45 minutes<br><br>**Witness Group(s):**  Possible, Non-Retained Expert | | |

| **9.  Dr. Alan Podawiltz** | Sworn | Testified |
|---|---|---|
| c/o Jordan Parker or Derek Carson<br>CANTEY HANGER LLP<br>600 W. 6th Street, Suite 300<br>Fort Worth, Texas 76102<br><br>Brief Narrative Summary of Testimony:<br>Dr. Podawiltz is a psychiatrist employed by Acclaim who serves as Senior Physician Executive, Behavioral Health, and Chair of the Department of Psychiatry at JPS.  Dr. Podawiltz is expected to testify regarding Plaintiff's employment history with Defendants, Plaintiff's employment contracts and amendments, and the circumstances surrounding her removal from the two departmental administrative | | |

positions from which she was removed. Dr. Podawiltz will testify to the nature of Plaintiff's removal, including his view that the removal was not a demotion. He likewise will testify that her removal did not adversely impact her compensation and benefits and that any lack of due process afforded to her did not adversely impact her compensation and benefits or any future compensation and benefits. He may also testify to reports he received about Plaintiff's treatment of co-workers and comments about colleagues.

Dr. Podawiltz is expected to testify to Acclaim's practices regarding physician contracts and the allocation of physicians' Total FTE. In particular, Dr. Podawiltz will testify that Acclaim's practice is to retain discretion over physicians' Total FTE breakdown and that FTE information is included in contracts to serve administrative ends. Dr. Podawiltz will explain the reasons why Acclaim must retain discretion over physicians' Total FTE. Likewise, Dr. Podawiltz will testify that Acclaim's practice is to include physicians' job titles or roles in their contracts for administrative or convenience purposes. He will testify that department chairs at JPS have the discretion to appoint or remove employees from administrative leadership positions.

Dr. Podawiltz is expected to testify about the appointment of Dr. Dustin DeMoss as the Vice Chair of Education and the Residency Program Director for the Department of Psychiatry and the circumstances surrounding the appointment. Dr. Podawiltz may also testify to the nature of the relationship between residents and their program directors.

Dr. Podawiltz is expected to testify regarding the terms "narcissism" and "narcissistic personality disorder." Dr. Podawiltz will testify that, in the event it is found that Dr. Haliburton called Plaintiff a "narcissist" as alleged by Plaintiff, that statement cannot reasonably be interpreted to have been a factual, clinical, or diagnostic assessment under the circumstances and that, in any event, it would not have caused stigmatization to Plaintiff's reputation or adversely affected her career or future earnings.

Dr. Podawiltz was designated and disclosed as a non-retained expert witness as to the term "narcissist" and as to Plaintiff's employability and claimed reputational injury and losses and related subjects.

Deposed? Yes.

Expected Duration of Direct Examination: 2 hours

**Witness Group(s):** Probable, Non-Retained Expert, Records Custodian

| **10. Teresa Morgan** | **Sworn** | **Testified** |
|---|---|---|
| c/o Jordan Parker or Derek Carson<br>CANTEY HANGER LLP<br>600 W. 6th Street, Suite 300<br>Fort Worth, Texas 76102<br><br>Brief Narrative Summary of Testimony:<br>Ms. Morgan is the Director of Employee Experience, Human Resources, at JPS.  Ms. Morgan may testify, if the need arises, about the HR investigation into the complaint made against Dr. Hurd arising out of the December 8, 2021 Zoom call referenced in Plaintiff's Second Amended Complaint.<br><br>Deposed?  No.<br><br>Expected Duration of Direct Examination: 30 minutes<br><br>**Witness Group(s):**  Possible | | |

| **11. Dena Palmer** | **Sworn** | **Testified** |
|---|---|---|
| c/o Jordan Parker or Derek Carson<br>CANTEY HANGER LLP<br>600 W. 6th Street, Suite 300<br>Fort Worth, Texas 76102<br><br>Brief Narrative Summary of Testimony:<br>Ms. Palmer may testify, if the need arises, to Acclaim's practices concerning physician contracts and Total FTE allocation.  Ms. Palmer may testify that Acclaim's practice is to retain discretion over physicians' Total FTE breakdown and that FTE information is included in contracts to serve administrative ends.  Likewise, Ms. Palmer may testify, if the need arises, that Acclaim's practice is to include physicians' job titles or roles in their contracts for administrative or convenience purposes.<br><br>Deposed?  No.<br><br>Expected Duration of Direct Examination:  30 minutes<br><br>**Witness Group(s):**  Possible | | |

| Witnesses Called by Plaintiff |
|---|
| Defendants reserve the right to call and/or cross-examine any witnesses called by Plaintiff. |

                                              Respectfully submitted,

                                              /s/ Jordan M. Parker
Jordan M. Parker
State Bar No. 15491400
jparker@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Alexandra M. Williams
State Bar No. 24107297
awilliams@canteyhanger.com
CANTEY HANGER LLP
Cantey Hanger Plaza
600 W. 6th St., Suite 300
Fort Worth, TX 76102
(817) 877-2800 (phone)
(817) 877-2807 (fax)

**COUNSEL FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of this document was served on all counsel of record via this Court's ECF system on November 4, 2022.

                                              /s/ Jordan M. Parker
                                              Jordan M. Parker