UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS,
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHERYL HURD, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| (1) TARRANT COUNTY HOSPITAL | § | CIVIL ACTION NO. 4:22-cv-00388 |
| DISTRICT d/b/a JPS HEALTH | § | |
| NETWORK AND JOHN PETER SMITH | § | |
| HOSPITAL; and | § | |
| (2) ACCLAIM PHYSICIAN GROUP, | § | |
| INC., | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION IN LIMINE

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE REED O'CONNOR:**

COMES NOW Plaintiff Cheryl Hurd ("Plaintiff") before the voir dire examination of the jury panel, and files this Motion in Limine in the above-referenced cause of action:

### INTRODUCTION

Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Defendant Tarrant County Hospital District d/b/a JPS Health Network and John Peter Smith Hospital, and Defendant Acclaim Physician Group, Inc. ("Defendants" or "JPS") inject these matters in this case through a party, an attorney, or a witness, they will cause irreparable harm to Plaintiff's case for which no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, Plaintiff will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Plaintiff makes this motion in limine and respectfully shows as follows:

**PLAINTIFF'S MOTION IN LIMINE**

## GROUNDS

Plaintiff asks the Court to prohibit Defendants from offering any of the following matters without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the matter.

1. Any references to any allegations, holdings, or evidence presented in any other matter, lawsuit, or criminal proceeding – specifically Plaintiff's defenses of a malpractice suit and a complaint with the Texas Medical Board.  These matters were unrelated to any employment decisions with Plaintiff giving rise to this suit.  Such references are irrelevant to the limited issues in this matter, and the probative value of such evidence would be outweighed by its prejudicial effect.  *See* FED. R. EVID. 401, 402 & 403.

   AGREED: ___x___     GRANTED: _____     DENIED: _____

2. Any evidence, statement, or argument about grounds allegedly discovered by Defendants concerning Plaintiff post-March 18, 2022.  Such matters played no role or part in the denial of due process and are therefore irrelevant, confusing, and prejudicial.  *See* FED. R. EVID. 401, 402 & 403.

   AGREED: _____     GRANTED: _____     DENIED: _____

3. Discussion or reference to Plaintiff's attempts, passage or failure relating to licensure board examinations.  These matters were unrelated to any employment decisions with Plaintiff giving rise to this suit.  Such references are irrelevant to the limited issues in this matter, and the probative value of such evidence would be outweighed by its prejudicial effect.  *See* FED. R. EVID. 401, 402 & 403.

   AGREED: ___x___     GRANTED: _____     DENIED: _____

4.  Plaintiff's seeking, obtaining or losing any alternative peer-elected position(s), including the refusal to allow Plaintiff to submit such an application.  These matters were unrelated to any employment decisions with Plaintiff giving rise to this suit.  Such references are irrelevant to the limited issues in this matter, and the probative value of such evidence would be outweighed by its prejudicial effect.  *See* FED. R. EVID. 401, 402 & 403.

    AGREED: _____    GRANTED: _____    DENIED: _____

5.  Any evidence, statement, or argument concerning a claim, lawsuit, verdict, or judgment having an adverse effect on Defendants, including any reference to the effects on taxpayers or public funding.

    AGREED: ___x___    GRANTED: _____    DENIED: _____

6.  Any reference to draft reports or communications between Plaintiff's counsel and Plaintiff's expert witnesses, as prohibited in Fed. R. Civ. P. 26(b)(4)(B) and (C).  Such matters are protected from discovery and likewise inadmissible.

    AGREED: ___x___    GRANTED: _____    DENIED: _____

## CONCLUSION

For these reasons, Plaintiff asks the Court to instruct the Defendants and all their attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct Defendants and all their attorneys to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,

**AYRES LAW OFFICE, P.C.**

By:     */s/ Christopher S. Ayres*
        **CHRISTOPHER S. AYRES**
        State Bar No. 24036167
        csayres@ayreslawoffice.com
        **R. JACK AYRES, JR.**
        State Bar No. 01473000
        rjayres@ayreslawoffice.com

        One Glen Lakes Tower
        8140 Walnut Hill Lane, Suite 830
        Dallas, Texas 75231
        (972) 991-2222 – Phone
        (972) 386-0091 – Fax

**ZANER LAW, P.C.**

        **KARIN M. ZANER**
        State Bar No. 00791183
        karin@zaner.law

        8117 Preston Road, Suite 300
        Dallas, Texas 75225
        (214) 363-5036 – Phone
        (214) 363-5046 – Fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was forwarded to all registered counsel via the Court's electronic service system on the date and time of its submission.

/s/ Christopher S. Ayres
Christopher S. Ayres

**PLAINTIFF'S MOTION IN LIMINE**                                    **Page 4 of 4**