IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHERYL HURD, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TARRANT COUNTY HOSPITAL DISTRICT, et al., | § | Civil Action No. 4:22-cv-00388-O |
| | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' MOTION IN LIMINE

Defendants Tarrant County Hospital District d/b/a JPS Health Network and John Peter Smith Hospital ("JPS") and Acclaim Physician Group ("Acclaim") (collectively, "Defendants") file this motion in limine and would show as follows:

**I.**

"An order granting a motion in limine is an order requiring the offering party to approach the bench and seek leave from the Court prior to mentioning the matter covered by the order to the jury . . . ." *SynQor, Inc. v. Vicor Corp.*, No. 2:14-CV-287-RWS-JBB, 2022 WL 7219272, at *6 (E.D. Tex. Oct. 7, 2022). "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Carter v. Transp. Workers Union of Am., Loc. 556*, No. 3:17-CV-2278-X, 2022 WL 2762907, at *1 (N.D. Tex. July 1, 2022).

**II.**

Defendants ask the Court to prohibit Plaintiff from offering argument or evidence on any of the following matters without first obtaining a ruling on the admissibility of the matter outside of the presence of the jury:

1

1.  **Dr. Ed Miles.**  Plaintiff has disclosed that she may call Dr. Ed Miles as a fact witness on the basis that Defendants allegedly placed him on a remediation plan and thereafter permitted him to retain his employment and leadership position.  Dr. Miles's employment and disciplinary history, if any, with Defendants is irrelevant to the facts of this case.  This is not a disparate treatment case.  Any probative value on the question of due process is substantially outweighed by the risk of unfair prejudice, confusing of the issues, misleading the jury, or undue delay.  *See* Fed. R. Evid. 401-403.

    AGREED: ____X_____     GRANTED: _____     DENIED: _____

2.  **Dr. Diane Mummert.**  Plaintiff has disclosed that she may call Dr. Diane Mummert as a fact witness on the basis that Defendants allegedly placed her on a remediation plan in the recent past.  Dr. Mummert's employment and disciplinary history, if any, with Defendants is irrelevant to the facts of this case.  This is not a disparate treatment case.  Any probative value on the question of due process is substantially outweighed by the risk of unfair prejudice, confusing of the issues, misleading the jury, or undue delay.  *See* Fed. R. Evid. 401-403.

    AGREED: ____ X _____     GRANTED: _____     DENIED: _____

3.  **Insurance Coverage.**  Any question, statement, or reference that Defendants have or may be covered by some form of liability insurance, self-insured retention trust, or other form of liability excess liability insurance coverage with respect to the incident in question for the reason that such fact is entirely immaterial to any issue in this cause.  Any mention or inference thereof, either directly or indirectly, would be harmful and prejudicial to Defendants and not probative of any issue to be considered by the jury.  *See* Fed. R. Evid. 401-403.

    AGREED: ____ X ____     GRANTED: _____     DENIED: _____

**4.     Review of this Case by Regulatory Agency.**  Any question, statement, or reference by Plaintiff's counsel or any witness called by Plaintiff that the facts of this case may be, will be, or should be reviewed by the Texas Medical Board, The Texas Department of State Health Services, the Office of Inspector General, or any other local, state, or federal regulatory agency. Any mention or inference thereof, either directly or indirectly, would be harmful and prejudicial to Defendants and not probative of any issue to be considered by the jury. *See* Fed. R. Evid. 401-403.

AGREED: ____ X ____     GRANTED: _____     DENIED: _____

**5.     Media References to Defendants.**  Any question, statement, or reference to any media source including, but not limited to, newspapers, video news broadcasts, and/or on line news sources that discuss or reference Defendants. Any mention or inference thereof, either directly or indirectly, would be harmful and prejudicial to Defendants and not probative of any issue to be considered by the jury. *See* Fed. R. Evid. 401-403.

AGREED: _____ X ____     GRANTED: _____     DENIED: _____

**6.     References to Defendants' Governmental Status to Suggest Ability to Pay Damages.**  Any question, statement, or reference to the effect that Defendants are "tax payer supported" or able to comfortably pay any damages award. Any mention or inference thereof, either directly or indirectly, would be harmful and prejudicial to Defendants and not probative of any issue to be considered by the jury. *See* Fed. R. Evid. 401-403.

AGREED: ___ X _____     GRANTED: _____     DENIED: _____

**7.      Written Policies and Procedures of Defendants Irrelevant to this Proceeding.**

Any question, statement, or reference to the written policies and procedures of Defendants regarding use of drugs and alcohol (Plaintiff's Exhibit No. 25) or use of personal digital devices (Plaintiff's Exhibit No. 27) or those that apply solely to JPS employees (Plaintiff's Exhibit Nos. 22, 29, and 30) for the reason that such policies and procedures have no relevance to any issue in the case and such reference would be confusing to the jury and prejudicial to Defendants. *See* Fed. R. Evid. 401-403.

AGREED: _____      GRANTED: _____      DENIED: _____

Respectfully submitted,

 /s/ Jordan M. Parker
Jordan M. Parker
State Bar No. 15491400
jparker@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Alexandra M. Williams
State Bar No. 24107297
awilliams@canteyhanger.com
CANTEY HANGER LLP
Cantey Hanger Plaza
600 W. 6th St., Suite 300
Fort Worth, TX 76102
(817) 877-2800 (phone)
(817) 877-2807 (fax)

**COUNSEL FOR DEFENDANTS**

## **CERTIFICATE OF CONFERENCE**

I conferred with Plaintiff's counsel regarding the relief sought in this motion. Plaintiff's position as to each ground in the motion is set out above.

       /s/ Derek Carson
       Derek Carson

## **CERTIFICATE OF SERVICE**

A copy of this document was served on all counsel of record via this Court's ECF system on November 16, 2022.

       /s/ Jordan M. Parker
       Jordan M. Parker