IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHERYL HURD, M.D., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   Civil Action No.  4:22-cv-00388-O |
| | § |
| TARRANT COUNTY HOSPITAL DISTRICT, et al., | § |
| | § |
| Defendants. | § |

## ORDER

Before the Court are Defendants' Motion for Partial Summary Judgment (ECF No. 30), filed September 26, 2022; Plaintiffs' Response (ECF No. 40), filed October 24, 2022; and Defendants' Reply (ECF No. 42), filed October 31, 2022. Having considered the motion, briefing, and applicable law, the Court finds that Defendant's should be, and is, **DENIED**.

### I.   LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine dispute as to any material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."

*Diaz v. Kaplan Higher Educ., L.L.C.*, 820 F.3d 172, 176 (5th Cir. 2016) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)) (internal quotations and emphasis omitted).

When reviewing the evidence on a motion for summary judgment, the Court must resolve all reasonable doubts and draw all inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The Court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

## II.   ANALYSIS

### A.  Due Process Claim under § 1983

Plaintiff alleges Defendants "willfully and intentionally violated Plaintiff's civil rights as guaranteed by the Constitution of the United States by denying Plaintiff due process of law as to her professional position . . . ."[1] Defendants argue Plaintiff had neither a constitutionally protected property interest in her roles as Program Director and Vice Chair nor a protected interest in a continued Total FTE breakdown, and therefore, there can be no due process violation.[2]

In the Court's prior Order addressing Defendants' Motion to Dismiss, the Court consulted Plaintiff's Employment Agreement and found that Plaintiff adequately pleaded the Agreement instilled a property interest in her continued employment and division of job duties.[3] Defendants argue this Employment Agreement does not reflect an understanding that Plaintiff had a protected property interest in the two leadership roles or in a continued division of her job duties as

---

[1] Am. Compl. 20, ECF No. 23.
[2] Def. Brief 8, ECF No.
[3] Order 5–6, ECF No. 22.

2

provisions in the Agreement state Defendant Acclaim had sole discretion to determine Plaintiff's job responsibilities and to determine the Total Full Time Employment ("FTE") breakdown.[4] Defendants cite caselaw allegedly supporting their contention that Plaintiff had no protected interest in her leadership titles.[5] Further Defendants contend the Employment Agreement's inclusion of Plaintiff's titles and the Total FTE breakdown was purely for convenience and administrative reasons, not to denote Plaintiff had a right to the Total FTE breakdown listed.[6]

The Court, assessing the law, the briefing, and the evidence provided by both Parties, finds there are genuine disputes as to whether Plaintiff had a protected interest in her two leadership roles and in a continued Total FTE breakdown. Therefore, Defendants are not entitled to judgment as a matter of law, and Defendants Motion as to Plaintiff's Due Process ¶ 1983 claim is **DENIED**.

### B. Breach of Contract Claim

Defendants contend Plaintiff cannot establish a breach of the Employment Agreement based on Defendant Acclaim's reallocation of Plaintiff's Total FTE or her removal from her leadership positions.[7] Defendants further contend Plaintiff fails to show she sustained any damages stemming from the alleged breach of the Agreement.[8] As discussed above, the Court finds there is a genuine question as to whether Plaintiff was contractually entitled to her titles and specific divisions of her work, and Defendants changed her responsibilities to fall outside these divisions. Thus, the Court finds there is a genuine dispute as to whether Defendants breached the Employment Agreement and its amendments. Regarding damages, Plaintiff lists several plausible damages she states resulted from the alleged breach.[9] In their Reply, Defendants decline to address

---

[4] Def. Brief 9, ECF No. 31.
[5] *Id.* at 10–11.
[6] *Id.* at 12.
[7] Id. at 13.
[8] *Id.*
[9] Pl. Resp. 24, ECF No. 41 (citing Sec. Am. Compl. 21–23, ECF No. 23).

the damages alleged by Plaintiff.[10] The Court hereby finds there is a genuine dispute as to damages as the issue has not been adequately briefed to permit an evaluation of this issue on the briefs. Therefore, Defendants' Motion for Summary Judgment as to Plaintiff's Breach of Contract claim is **DENIED**.

### III.   CONCLUSION

Accordingly, the Court **DENIES** Defendants' Motion for Partial Summary Judgment.

**SO ORDERED** on this **21st day** of **November, 2022.**

                                        Reed O'Connor
                               **UNITED STATES DISTRICT JUDGE**

---

[10] *See generally* Def. Reply, ECF No. 42.