UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS,
FORT WORTH DIVISION

| | |
|---|---|
| **CHERYL HURD, M.D.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-cv-00388 |
| § | |
| **TARRANT COUNTY HOSPITAL** § | |
| **DISTRICT d/b/a JPS HEALTH** § | |
| **NETWORK AND JOHN PETER** § | |
| **SMITH HOSPITAL, et al.,** § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE**

**TO THE HONORABLE REED O'CONNOR, UNITED STATES DISTRICT JUDGE:**

COMES NOW CHERYL HURD, Plaintiff in the above cause and files this, her *Response to Defendants' Motion in Limine* (the "Response") and would show the Court as follows:

1. Pursuant to Section 8(e) of the Court's *Scheduling Order* (ECF No. 24), Plaintiff is directed to file a Response concerning any opposed portions of *Defendants' Motion in Limine* (ECF No. 54) (the "Motion").

2. The Court will note Plaintiff's agreement to the Motion's topics 1, 2, 3, 4, 5, and 6.

3. Defendants' Motion topic 7 speaks to issues of various policies of Defendants that appear on Plaintiff's Exhibit List. The Motion contends these matters are not relevant or are confusing, and should therefore not be referred to at trial without first approaching the Court, as should any reference to them.

4. First, such issues are matters of objections to Plaintiff's potential exhibits – not proper limine points. The Court has no background or reference from foundational testimony to know whether the exhibits are or are not relevant to the trial. Without a predicate, this Court has

1

no context and Defendants effectively state that Plaintiff should not be allowed to even lay such a predicate. That is improper and not a limitation, but an effective exclusion of evidence.

5. Second, the exhibits are a myriad of employment policies. These would be quite relevant to show, for example, that Defendants maintain a policy on personal digital devices (Plaintiff's Exhibit 27), yet apparently have no policy on matters of employee disciplinary review or appellate rights. The same is true for a host of JPS policies (Plaintiff's Exhibit 22, 29, and 30) that set forth clear and specific frameworks to deal with employee issues, yet no employee review or appellate policy apparently exists for workplace matters. Barring Plaintiff from any "reference" to such issues about the Defendants' policies and procedures to deal with employee misconduct would be nonsensical, given ***this is a case involving due process violation claims and where Defendants themselves allege Plaintiff committed workplace misconduct***.

6. The policies also reflect a framework or justification of employee expectations. In this case, Defendants continue to trumpet that they had a right to terminate Plaintiff for cause – despite having never done so, nor ever stating what policy violation created such a right. If Defendants were capable of articulating specificity for drugs and alcohol (Plaintiff's Exhibit 25), for example, how exactly were they not able to do so for abusive or insensitive language which they apparently assert that Plaintiff committed? Nebulous references abound from Defendants about Plaintiff's unprofessionalism with no real reference to policy, while Defendants were simultaneously able and did promulgate policies with remarkable specificity. These are relevant to rebut the Defendants' defense and to also show expectations from the Defendants were murky, at best, on certain matters and starkly clear on others.

## CONCLUSION

In sum, the Court should hear the testimony and the predicates of the witnesses at trial. When or if Plaintiff offers that testimony or the exhibits, the Court can rule as it would on any

other evidence. Requiring Plaintiff to jump back and forth from the bench with the Court like a jack-in-the-box is neither necessary or appropriate, which is what Defendants would require. Without some dire or prejudicial matter, which Defendants do not allege, the Court should deny topic 7 in the Motion.

    Respectfully submitted,

    **AYRES LAW OFFICE, P.C.**

    By:   */s/ Christopher S. Ayres*
           **CHRISTOPHER S. AYRES**
           State Bar No. 24036167
           csayres@ayreslawoffice.com
           **R. JACK AYRES, JR.**
           State Bar No. 01473000
           rjayres@ayreslawoffice.com
           One Glen Lakes Tower
           8140 Walnut Hill Lane, Suite 830
           Dallas, Texas 75231
           (972) 991-2222 – Phone
           (972) 386-0091 – Fax

    **ZANER LAW, P.C.**

           **KARIN M. ZANER**
           State Bar No. 00791183
           karin@zaner.law
           8117 Preston Road, Suite 300
           Dallas, Texas 75225
           (214) 363-5036 – Phone
           (214) 363-5046 – Fax

    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing pleading was forwarded to all registered counsel via the Court's electronic service system on the date and time of its submission.

           */s/ Christopher S. Ayres*
           Christopher S. Ayres